OSCAR MILLER, Respondent, v. WILLIAM NULTEMEIER, Sheriff of Grant County, North Dakota, Appellant.

(217 N. W. 515.)

**Damages — measure of damages for conversion — inadmissible evidence.**

1. Where in a complaint in a conversion action it is alleged that a definite

---

Note.— (1) On measure of damages in action for conversion, see 26 R. C. L. pp. 1146, 1147, 1151; 3 R. C. L. Supp. 1492; 5 R. C. L. Supp. 1443; 6 R. C. L. Supp. 1587; 7 R. C. L. Supp. 914.

(2) Excessiveness or inadequate damages as grounds for new trial, see annotation in 26 L.R.A. 391; 51 L.R.A.(N.S.) 860; 20 R. C. L. 281 et seq.

number of bushels of grain had been converted, and the allegation of damages is for the value of such grain at the time of the conversion, with interest, evidence of the highest intermediate value between the date of the conversion and the date of the trial is inadmissible.

**New trial — question of damages alone.**

2. Where error upon a trial affects only the amount of damages, a new trial may properly be limited to the question of damages alone.

Opinion filed December 29, 1927.   Rehearing denied January 31, 1928.

New Trial, 29 Cyc. p. 733 n. 1.   Trial, 38 Cyc. p. 2096 n. 65.

Appeal from the District Court of Grant County, *Pugh,* J.

Reversed and remanded.

*Jacobsen & Murray,* for appellant.

In order to recover the highest market value, plaintiff must establish the necessary foundation, to-wit, that the action has been prosecuted with reasonable diligence.   Pickert v. Rugg, 1 N. D. 230, 46 N. W. 446.

"Whenever the decision depends upon disputed facts, these facts must, of course, be submitted to a jury, under proper instructions.   But what facts constitute this reasonable diligence the court will ordinarily determine as a question of law."   Ibid.

Market value cannot be established by the owner, without showing necessary foundation.   Willard v. Valley Gas & Fuel Co. (Cal.) 151 Pac. 286.

"It is held that one joint owner cannot alone maintain such action without joining therein the other joint owners of such property, and they, refusing to join in the actions as plaintiffs, should be made parties defendant."   36 C. J. 711, § 1957.

*A. T. Nelson* (*Scott Cameron* on oral argument), for respondent.

BIRDZELL, Ch. J.   This cause has been twice tried in the district court.   The first trial was had in June, 1925.   A verdict was rendered for the plaintiff upon which judgment was later entered.   Thereafter in October, 1925, a new trial was granted.   It was tried a second time in July, 1926 and upon this trial the plaintiff had judgment for $1,043.32.   Subsequently, a motion for judgment non obstante or for

a new trial was made and denied; whereupon an appeal was taken to this court from the judgment and from the order. Thereafter the trial court filed an amended order denying the defendant's motion for judgment non obstante or for a new trial reciting, among other things, that the former order had been inadvertently made absolute in form when it should have been conditioned upon a remission of an excess in the judgment, and the modified order was thus made conditional. Thereafter the plaintiff filed a remission reducing the judgment to $727.01 and a second notice of appeal was served, appealing from the judgment and from the order in the modified form. The action is for the conversion of grain which had been seized by the defendant as sheriff. The plaintiff filed a third party claim. The contentions upon the appeal are: (1) That the plaintiff in filing his third party claim elected to take as his measure of damages the value of the grain at the time of the conversion, that the testimony regarding the highest market value of the grain between the date of the conversion and the date of the trial should have been excluded, and that there is no evidence as to the value of the grain at the time of the conversion; (2) that there is no evidence showing that the plaintiff prosecuted his case with due diligence and that he is consequently not entitled to the highest market value between the date of the conversion and the date of the trial; (3) that the trial court erred in excluding evidence offered to show a return of grain by the defendant to the plaintiff; (4) that the plaintiff has been erroneously permitted to recover the entire value of the grain, whereas his interest was only a three-fourths interest in an undivided crop.

In the complaint the plaintiff alleges ownership of 577 bushels of grain of a certain description and value on the 16th day of September, 1924; that on that day the defendant wrongfully took this grain from the possession of the plaintiff and converted it to his own use; that on the 23d day of September the plaintiff demanded a return of the grain pursuant to the provisions of § 7550 of the Compiled Laws of 1913; that the defendant refused to comply with this demand and has converted the property to his own use. Judgment is asked for the sum of $646.24 and interest from September 16, 1924.

The transcript shows that the defendant had a fair trial. He was not materially hampered in his efforts to show that he had returned

grain to the plaintiff. The plaintiff explained the return, however, by showing that the grain for which checks had been made payable to himself and others was returned and sold to satisfy the landlord's claim to a share for rent, and for threshing, etc. The jury evidently accepted this explanation.

There are some assignments of error that have some apparent merit, although in the state of the record we feel justified in saying that they perhaps have no real merit. They impress us as being technical rather than substantial. It is true, as contended by the appellant, that the complaint does not indicate that the plaintiff will seek to recover the highest intermediate value of the property converted. It alleges a different measure of damages. It is likewise true that there is no evidence of the value of the grain at the time of the alleged conversion. All of the evidence on this subject was received over objection and goes to establish the highest intermediate value. Such value was placed by the witnesses at $1.66 per bushel where the grain was located when seized. The verdict in the first case was for exactly 166 times 577, and the verdict in the second case was for the same amount plus 6 per cent interest for a year. (Approximately a year elapsed between the two trials.) So, the jury was guided by this evidence. Inasmuch as the verdict exceeded the damages alleged in the complaint, a remittitur was filed reducing the judgment to $727.01. It is altogether probable that the market value at the time and place of the conversion, plus interest at the legal rate and costs, or plus costs without interest, would equal this sum.

We cannot take judicial notice of the fact (market value) which will govern the amount of the recovery, so a new trial must be had. It is not necessary, however, that there be a new trial of all of the issues. It may properly be limited to the question of damages. Jacobson v. Horner, 49 N. D. 741, 193 N. W. 327; Weigel v. Powers Elevator Co. 49 N. D. 867, 194 N. W. 113; Welch Mfg. Co. v. Herbst Dept. Store, 53 N. D. 42, 204 N. W. 849.

The order of this court is that the judgment appealed from is reversed and the cause remanded for a new trial limited to the sole question of the market price of 577 bushels of wheat, being the grain in question, at the time and place of the conversion at or about the 16th day of September, 1924, the plaintiff to recover the costs of one trial

(not the limited new trial). In view of the probability that the final judgment will not be materially reduced below the amount of the judgment appealed from, the appellant will recover costs of the appeal only in the event that the reduction shall amount to $50 or more.

BURKE, BURR, CHRISTIANSON, and NUESSLE, JJ., concur.